Neel, J.
Plaintiffs have served on potential witnesses trial subpoenas that request information and records pertaining to the mental health of defendant Peter Dragonas, M.D. Dragonas moves to quash the subpoenas.
This is not the first time the plaintiffs have sought to obtain such information regarding Dragonas’s mental health and psychiatric records. On November 8, 2000, the court (Bohn, J.) denied a similar request by the plaintiffs in the form of a motion to compel the defendants to produce psychiatric treatment records. On February 13, 2001, the plaintiffs filed a second motion to compel the production of the records, as well as a motion to compel Dragonas to testily as to his psychiatric history. In support of these motions, the plaintiffs argued, among other reasons, that Judge Bohn had denied the earlier motion because it was made on the eve of trial and now trial had been pushed back to a later date, and that Dragonas had waived any privilege with respect to his psychiatric treatment because he had raised his mental condition in a case pending in Connecticut.[1] On April 3, 2001, the court (Haggerty, J.) denied both motions.
The reasons in support of the plaintiffs’ opposition to Dragonas’ motion to quash mirror those offered in their previous motions to obtain records and information pertinent to Dragonas’ psychiatric treatment. While neither Judge Bohn nor Judge Haggerty included a formal decision explaining their denials of the motions, it is clear to this court that the parties have already addressed the relevant issues, and that the court has ruled that the plaintiffs are not entitled to information regarding Dragonas’s psychiatric treatment.
Additionally, there is no new information to justify reversal of the earlier rulings.[2] To alter those rulings would unduly prejudice defendants who have prepared this case in reliance on them.
In any event, even if the court’s prior rulings were based not on the merits but simply on the expiration of the discovery deadline in this case, plaintiffs have failed to present any compelling reason why the psychiatric records should be produced. In none of their papers do plaintiffs establish that Dragonas has, "in [this] proceeding . . . [introduced] his mental or emotional condition as an element of his claim or defense . . .” G.L.c. 233, §20B(c). As to the plaintiffs’ ground that disclosure in another proceeding waives the privilege in this one, there are some courts, and some circumstances, in which such an argument might prevail. For example, other courts have held that “[a] waiver at a former trial should bar a claim of the [physician-patient] privilege at a later trial, for the original disclosure takes away once and for all the confidentiality sought to be protected by the privilege.” Novak v. Rathnam, 478 N.E.2d 1334, 1337 (Ill. 1985) (privilege waived in wrongful death action when information admitted at related criminal murder trial). In Massachusetts, a witness who voluntarily testified in two proceedings prior to the trial in the same case waived his right to exercise his privilege against self-incrimination as to questions seeking related facts. Commonwealth v. Penta, 32 Mass.App.Ct. 36, 46 (1992). “Waiver extends to subsequent proceedings if [the] ‘proceeding in which the privilege is invoked is a probable, logical, or natural continuation or outgrowth of the proceeding ... in which prior testimony has been given by the witness.’ ” Id.
The present situation differs from the above scenarios. First, the Connecticut case and this one are unrelated except for the involvement of Dragonas. Second, on the record before the Court, the defendant has not raised his mental condition in the Connecticut case in any way that would waive his privilege here.
ORDER
For the above reasons, defendant’s motion to quash the plaintiffs’ trial subpoenas are ALLOWED to the extent that such subpoenas purport to compel testimony or production of documents disclosing commu *391 nications privileged under G.L.c. 233, §20B. Defendant’s motion for sanctions, costs, and attorneys fees is DENIED.

 Dragonas v. City of New Haven, CV 97-0400345S (New Haven Super. Ct.).

 Plaintiffs offer transcripts of Dragonas’s deposition dated April 5, 2001, two days after Judge Haggerty denied the motions. This deposition transcript reveals no new evidence, only statements cumulative of grounds previously presented.